UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES WHEATON,<br><br>                    Petitioner,<br><br>     v.<br><br>JACK PALMER, et al.,<br><br>                    Respondents. | Case No. 3:12-cv-00313-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court on petitioner's motion (dkt. no. 5) for leave to file a motion for stay and abeyance and his motion (dkt. no. 14) for leave to file supplemental exhibits. No opposition has been filed to either motion.

The motion for leave to file a motion for stay and abeyance was filed in the interim between the issuance of the order directing a response to the petition and respondents' counsel's filing of a notice of appearance. While the title of the motion refers to a request for leave to file a motion for a stay, the body of the brief motion requests an order staying the action so that petitioner may exhaust unspecified claims in the state courts. The certificate of service on the motion reflects that the motion was served by mail on the Attorney General in the interim prior to the filing of a notice of appearance by the Deputy Attorney General assigned to the case. This manner of service of motions during that interim period is provided for in the Court's response order. (*See* dkt. no. 3, at 2-3.)

1. The motion is unopposed and, accordingly, will be granted pursuant to Local Rule LR 7-2(d), subject to the remaining provisions herein. Any doubt as to whether respondents' counsel was aware of the motion is eliminated by the motion to dismiss wherein counsel expressly refers to the motion. (Dkt. no. 7, at 7.) The Court is aware that respondents' motion to dismiss does not raise any issue as to exhaustion. However, the cited local rule clearly states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Given that respondents have not opposed a motion of which their counsel clearly was aware, and further given that successive-petition rules limit a petitioner generally to only one federal petition presenting exhausted claims, the motion seeking a stay will be granted.

The motion for leave to file supplemental exhibits also is unopposed and will be granted.

The Court previously has informed counsel with the Attorney General that Local Rule LR 7-2(d) applies fully to motions filed by *pro se* petitioners in habeas matters. The Court has specifically rejected the proposition that counsel with the Attorney General need respond to *pro se* motions only in their discretion. The Court further has informed counsel with the Attorney General that if counsel continue a practice of not responding to such motions, "they do so at the peril of – among other things – having unopposed motions granted pursuant to the local rule." *See Cristobal Morales v. E.K. McDaniel*, No. 2:04-cv-01480-RLH-LRL, Dkt. No. 53 (D.Nev., June 2, 2008).

IT IS THEREFORE ORDERED that petitioner's motion (dkt. no. 5) for leave to file a motion for stay and abeyance is GRANTED, as further specified in the provisions below.

IT IS FURTHER ORDERED that petitioner's motion (dkt. no. 14) for leave to file supplemental exhibits is GRANTED in connection with the exhibits submitted with the motion. The Court's grant of the motion does not constitute an express or implied holding as to the admissibility or relevancy of the exhibits.

IT IS FURTHER ORDERED that this action is STAYED pending the pursuit of additional state judicial remedies. Petitioner may move to reopen the matter following further exhaustion, and any party otherwise may move to reopen the matter at any time and seek any relief appropriate under the circumstances. The reopened matter will proceed under the current docket number.

IT IS FURTHER ORDERED that the grant of a stay is conditioned upon petitioner filing, if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court within forty-five (45) days of entry of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.[1]

IT IS FURTHER ORDERED that, with any motion to reopen filed following completion of all state court proceedings pursued, petitioner: (a) shall attach supplemental exhibits containing the new state court pleadings and the state court written decisions thereon; and (b) if petitioner intends to amend the federal petition, shall file a motion for leave to amend along with the proposed verified amended petition or a motion for extension of time to move for leave.[2]

IT IS FURTHER ORDERED that respondents thereafter shall have thirty (30) days to file a response to a motion to reopen and accompanying motions. The Court will re-screen the matter if the action is reopened, and the Court will issue a scheduling order after it has been determined, *inter alia*, whether the pleadings will be amended following the stay.

///

///

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to reinstate the stay for the duration of any such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).

[2] No claims in the current pleadings are dismissed by this order.

1   IT IS FURTHER ORDERED that respondents' motion (dkt. no. 7) to dismiss is
2 DENIED without prejudice to the reassertion of any and all defenses then applicable
3 following the stay, following upon a scheduling order directing a response.
4   IT IS FURTHER ORDERED that the Clerk of Court shall ADMINISTRATIVELY
5 CLOSE this action until such time as the Court grants a motion to reopen the matter.

DATED THIS 8th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE