UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES WHEATON, | Case No. 3:12-cv-00313-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| JACK PALMER, et al., | |
| Respondents. | |

This habeas matter comes before the Court on petitioner's motion to reopen the case following a stay (dkt. no. 18), three motions for appointment of counsel (dkt. nos. 19, 30 and 40), three motions for leave to amend (dkt. nos. 24, 26 and 28), a motion to expand argument on grounds (dkt. no. 34), a motion for leave to file a second request to stay (dkt. no. 37), and a motion for reconsideration for second stay (dkt. no. 43).

**I.   BACKGROUND**

Petitioner James Wheaton seeks to challenge his Nevada state conviction, pursuant to a guilty plea, of three counts of sexual assault of a minor under fourteen years of age and three counts of lewdness with a minor under fourteen.

The Court notes the dates of various charges with regard to petitioner's allegations of actual innocence in connection with the currently pending motions. Petitioner suggests both that he is actually innocent and that the state courts lacked jurisdiction to convict because he was stationed with the Air Force in England allegedly at the relevant time.

1    Prior to his plea, Wheaton was charged with eighteen counts of sexual assault of a minor under fourteen and thirteen counts of lewdness of a minor under fourteen, as to four different victims. The thirty-one charges pertained to specified date ranges that — in the aggregate — covered a period from on or between January 1, 2002, through April 7, 2004.[1]

The fact that Wheaton had been stationed in England at some point prior to being in Nevada was known prior to petitioner's plea. The State filed a motion prior to the plea seeking to admit evidence of prior conduct. The motion summarized at length evidence that the State believed that it would be able to prove at trial. The State maintained that the alleged child sexual abuse in the charges had occurred during the, approximately, year-and-a-half that the family had lived in Nevada prior to the April 2004 report and arrest. The State sought to admit prior act evidence of alleged longstanding sexual abuse of Wheaton's daughters when the family previously lived in other jurisdictions, including North Carolina and England.[2]

According to the State's presentation, one of the victims was a friend of Wheaton's daughters. The charges as to this victim were alleged to have occurred in a time frame of on or between February 1, 2004, and April 7, 2004. Wheaton's alleged abuse of this victim — a friend of the daughters in Nevada — was alleged to have occurred exclusively in Nevada, with no prior other acts history in other jurisdictions as to this victim.[3]

The sexual assault charges and lewdness charges to which Wheaton pled guilty pertained to dates from on or between January 1, 2002, and May 23, 2002, as to one victim; January 1, 2002, and April 7, 2004, as to a second victim; February 1, 2004, and

///

---

[1] Dkt. no. 8-1, Exh. 2 (at electronic docketing pages 36-47).

[2] See dkt. no. 8-1, Exh. 3, at 2-5, 10 & 15-17 (at electronic docketing pages 50-53, 58 & 63-65).  Specific reference to England is found at page 4, line 5.

[3] Id., at 3.

2

1  April 7, 2004, as to a third victim (the daughters' friend); and January 1, 2002, and April
2  7, 2004, as to a fourth victim.[4]

3  At his sentencing, Wheaton stated, *inter alia*, that he was "very sorry for what I
4  did" and that he was "deeply remorseful." (Dkt. no. 8-1, Exh. 6, at 4 (electronic
5  docketing page 88).)

6  The judgment of conviction was filed on December 8, 2004, and petitioner did not
7  file a direct appeal. The time to do so expired on January 7, 2005.

8  More than five (5) years later, on April 1, 2010, petitioner filed a state post-
9  conviction petition. The state supreme court affirmed the dismissal of the petition as,
10 *inter alia*, untimely on May 10, 2012. Petitioner argued, through counsel, *inter alia*, that
11 he was out of the country during the charged time period for two of the six offenses to
12 which he pled guilty. The state supreme court rejected this argument because petitioner
13 had failed to demonstrate that the evidence in question was new evidence and because
14 he had failed to demonstrate actual innocence of the twenty-five other charges that
15 were dismissed as part of the plea deal. The remittitur issued on June 6, 2012.[5]

16 Petitioner mailed the present federal action for filing on or about June 7, 2012.
17 The action thereafter was stayed on an unopposed motion for a stay.

18 The state supreme court subsequently affirmed the dismissal of petitioner's
19 second state petition as, *inter alia*, untimely. The court declined to revisit petitioner's
20 claim of actual innocence on the basis that the decision on the issue on the first petition
21 was the law of the case.

22 Petitioner since has filed the motions currently before the Court.

23 **II.  MOTION TO REOPEN**

24 Respondents oppose the otherwise timely motion to reopen because petitioner
25 did not comply with stay order requirements that he attach: (a) supplemental exhibits
26 with the state court record exhibits for the period during the stay; and (b) a motion for

---

[4] Dkt. no. 8-1, Exhs. 4 &5 (at electronic docketing pages 69-83).
[5] Dkt. no. 8-6, Exhs. 26 & 27 (at electronic docketing pages 53-58).

leave to amend or motion to extend the time to seek such leave if he sought to amend. The Court is not persuaded that noncompliance with such provisions provides a basis for denying the motion to reopen as opposed to perhaps a compliance order. The motion to reopen will be granted.

### III. MOTIONS FOR APPOINTMENT OF COUNSEL

The Court finds that appointment of counsel is in the interests of justice given, *inter alia*, the need to reliably adjudicate the actual-innocence issue on an adequate record.

In *Bousley v. United States*, 523 U.S. 614 (1998), the Supreme Court held in part that a defendant who had entered a guilty plea could overcome a procedural default of a claim based upon a showing of actual innocence satisfying the standard in *Schlup v. Delo*, 513 U.S. 298 (1995). The Court further stated, without elaboration, that "[i]n cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." 523 U.S. at 624.

How the phrase "more serious charges" should apply to the present case does not appear to be clearly established by apposite controlling Ninth Circuit precedent in applying the federal procedural default doctrine or the federal limitation period. The State certainly dismissed more charges as part of the plea bargain. However, the dismissed charges, while many in number, also were sexual assault and lewdness charges, each legally equivalent to the charges to which petitioner pled guilty.

In its independent research, the Court was unable to identify apposite published Ninth Circuit authority that clearly required a petitioner in this context to demonstrate actual innocence also of legally equivalent charges, even numerous ones, that were dismissed as part of a plea bargain. In *United States v. Benboe*, 157 F.3d 1181 (9th Cir. 1998), the Court of Appeals remanded to the district court to allow the petitioner an "opportunity to show that he is 'actually innocent' of any dismissed charges *that the court determines are more serious than* the § 924(c) conviction of which he is innocent."

4

157 F.3d at 1185 (emphasis added). *Benboe* supports an argument that the dismissed charges in this case would have to be determined to be more serious than charges of which petitioner stands convicted and of which he allegedly is innocent for petitioner to then be required to demonstrate innocence also of the dismissed charges. That is, *Benboe* suggests that *Bousley's* "more serious charges" perhaps must be qualitatively more in degree rather than quantitatively more in number. *Cf. United States v. Avery*, 719 F.3d 1080, 1085 n.4 (9th Cir. 2013) (the petitioner was not required to show actual innocence of dismissed allegations that were in the same counts as the allegations to which he pled guilty and that carried the same statutory penalties); in *Jaramillo v. Stewart*, 340 F.3d 877, 882-83 (9th Cir. 2003) (the petitioner was not required to show actual innocence of the dismissed charge where the State dismissed the less serious charge of the two); *see also John Flowers v. Warden*, Case No. 3:10-cv-00367-ECR-VPC, Dkt. no. 50, at 51-53 (D. Nev., May 16, 2012) (discussing the concept of "newly presented evidence" in the context of a conviction based upon a guilty plea).[6]

The Ninth Circuit's recent decision in *Vosgien v. Persson*, 742 F.3d 1131 (9th Cir. 2014), however, does appear to require the rejection of subsidiary arguments made in their papers herein by respondents on the one hand and petitioner on the other. *Vosgien* establishes, first, that a petitioner need not establish actual innocence of all of the charges as to which he actually pled guilty, even if *arguendo* "more serious" than a charge or charges as to which he demonstrates actual innocence. 742 F.3d at 1135-36. On the other hand, *Vosgien* establishes, second, that a demonstration of actual innocence as to a charge or charges does not open the *Schlup* gateway to overcome a procedural default as to other charges as to which a petitioner has not demonstrated actual innocence. 742 F.3d at 1136-37. In other words, a petitioner can overcome a procedural default only as to any charge or charges as to which he demonstrates actual innocence. However, he is not required to demonstrate actual innocence also as to

---

[6]The Court definitively addresses only the request for appointment of counsel.

other charges on which he is convicted in order to overcome a procedural default as to the charges of which he *arguendo* is innocent.

The foregoing legal backdrop heightens the advisability of addressing the actual-innocence issue presented in this case on an adequately developed factual record. Petitioner maintains that he was stationed in England from August 1998 through August 2002.[7] That alleged time period would be during the entirety of the on and between January 1, 2002, and May 23, 2002, time frame alleged in two of the counts to which he pled guilty. A reliable and complete record — including the relevant portions of petitioner's service records — can be more effectively obtained and presented through counsel.

The motions for appointment of counsel therefore will be granted.

**IV.  REMAINING MOTIONS**

The Court will deny all remaining motions without prejudice, pending review of the matter by appointed counsel. Given the paucity of the allegations in the proposed proper person amended petition, the Court's provisional action on the motions does not necessarily inure to petitioner's detriment.

**V.  CONCLUSION**

It is therefore ordered that petitioner's motion to reopen (dkt. no. 18) is granted and that the Clerk of Court shall reopen this matter, also removing the "closed" and "stayed" docket flags from the action.

It is further ordered that petitioner's three motions for appointment of counsel (dkt. nos. 19, 30, and 40) are granted, subject to the remaining provisions below. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It further is ordered that the Federal Public Defender shall be provisionally appointed as counsel and shall have thirty (30) days to undertake direct representation

---

[7] E.g., dkt. no. 34, at 4 (submitted with allegedly supporting documentary exhibits).

of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel.  A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline initially in the formal order of appointment for one hundred twenty (120) days from entry of the order, subject then to the represented petitioner's ability to seek such extension as petitioner believes to be advisable.  Any deadline established and/or any extension thereof will not signify any implied finding by the Court of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that all remaining motions (dkt. nos. 24, 26, 28, 34, 37 and 43) are denied without prejudice.

It further is ordered that counsel additionally shall send a hard copy of all state court record and related exhibits that are filed after this order to, for this case, the Reno Clerk's Office.

The Clerk accordingly shall send a copy of this order to the *pro se* petitioner by mail as well as to the Federal Public Defender in the customary manner, in addition to the notice of electronic filing to respondents' counsel. The Clerk further shall regenerate notices of electronic filing of all prior filings herein to the Federal Public Defender.

DATED THIS 15th day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE